# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE DFC GLOBAL CORP. SECURITIES LITIGATION | Civ. A. No. 2:13-cv-06731-BMS |

## ORDER
## GRANTING CO-LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

WHEREAS:

A.  On September 19, 2017, a hearing was held before this Court to consider, among other matters: (1) Co-Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Fee and Expense Application"); and (2) the fairness and reasonableness of the Fee and Expense Application to the Class Members. All interested persons were afforded the opportunity to be heard;

B.  The maximum amount of fees and expenses that would be requested by Co-Lead Counsel was set forth in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that was disseminated in accordance with the Court's Order entered on March 8, 2017;

C.  The Notice advised that any objections to the Fee and Expense Application were required to be filed with the Court no later than June 16, 2017, and mailed to counsel for the parties such that they were received no later than June 16, 2017;

D. On June 1, 2017, Co-Lead Counsel filed their Fee and Expense Application, supported by declarations and a memorandum of law;

E. This Court has duly considered Co-Lead Counsel's Fee and Expense Application, the declarations and memorandum of law submitted in support thereof, and all of the submissions and arguments presented with respect thereto.

NOW, THEREFORE, after due deliberation, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated February 28, 2017 (ECF 131-1) (the "Stipulation"), as well as the provisions set forth in paragraph 15 of the Stipulation. All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3. The Fee and Expense Application is GRANTED. Co-Lead Counsel are awarded the sum of 25% of the Settlement Fund) in attorneys' fees, plus interest at the same rate earned by the Settlement Fund.

4. Co-Lead Counsel's motion for reimbursement of litigation expenses is GRANTED. Lead Counsel are awarded the sum of $472,462.44 in litigation expenses.

5. In making this award of attorneys' fees and reimbursement of Litigation Expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $30,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b) The fee sought by Co-Lead Counsel has been reviewed and approved as reasonable by the Court-appointed Lead Plaintiffs, Arkansas Teacher Retirement System ("ATRS"), Macomb County Employees Retirement System ("Macomb County"), and Laborers' District Council and Contractors' Pension Fund of Ohio ("Ohio Laborers"), who are institutional investors that oversaw the prosecution and resolution of the Action;

(c) Copies of the Notice were mailed to over 19,800 potential Class Members and nominees stating that Co-Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $700,000;

(d) Co-Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) The Action raised a number of complex issues;

(f) Had Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Class may have recovered less or nothing from Defendants;

(g) Plaintiffs' Counsel devoted over 20,800 hours, with a lodestar value of approximately $9,891,000, to achieve the Settlement; and

(h) The amount of attorneys' fees awarded and Litigation Expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6. Co-Lead Counsel's motion for reimbursement of costs and expenses incurred by the Lead Plaintiffs directly related to their representation of the Class, as authorized by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(4), is GRANTED. Lead Plaintiff ATRS is hereby awarded $5,560; Lead Plaintiff Macomb County is hereby awarded $7,080; and Lead Plaintiff Ohio Laborers is hereby awarded $9,000.

7. Co-Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.

8. The Notice provided the best notice practicable under the circumstances. Said Notice provided due and adequate notice of these proceedings and the matters set forth therein, including the fee and expense request, to all persons entitled to such Notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

9. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

10. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

11. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

12. There is no just reason for delay in the entry of this Order Granting Co-Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, and immediate entry of this Order by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED:

_____
Berle M. Schiller
United States District Judge